**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NARSAN LINGALA, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Civil Action No. 25-3641 (GC) <br><br> **MEMORANDUM & ORDER** |

**THIS MATTER** comes before the Court on the Motion to Vacate, Set Aside, or Correct a Sentence (Motion to Vacate) under 28 U.S.C. § 2255 (§ 2255) filed by Petitioner Narsan Lingala (ECF No. 1) and the motion for permission to interview (Motion for Permission to Interview) filed by Respondent (ECF No. 2). Petitioner filed a response to the Motion for Permission to Interview. (ECF No. 4.) For the reasons set forth below, the Motion for Permission to Interview is **GRANTED**, and Respondent is **ORDERED** to file a full response to the Motion to Vacate.

In accordance with Rule 4(b) of the Rules Governing Section 2255 Cases, this Court has screened the Motion to Vacate for dismissal and determined that dismissal without an answer is not warranted.

In its Motion for Permission to Interview, Respondent requests an order permitting "the former defense attorneys for Lingala [Jonathan Petty, Esq., and Stephen Turano, Esq. (collectively 'Former Counsel'), who represented Petitioner at trial and on direct appeal] to disclose to the Government otherwise privileged communications that have been placed in issue by Lingala's claims of ineffective assistance of counsel." (ECF No. 2 at 1.) "The Government also asks that

the Court permit Former Counsel to provide the Government documents that bear on those ineffective assistance of counsel claims." (*Id.*)

The proposed order attached to the Motion specifies that:

> [T]hat [M]otion [to Vacate] alleges, *inter alia*, that Former Counsel: (1) failed to file a "Cumulative Error Claim" related, in part, to the removal of "Petitioner's Counsel of Choice"; (2) failed to object to the "Systematic Exclusion of All Members of Petitioner's" race from the jury; (3) failed to raise a *Batson* claim; (4) failed to consult with Lingala regarding concessions made to the jury about the witness tampering counts during summation; (5) failed to move for a dismissal related to the speedy trial clock; (6) failed to challenge the admission of certain evidence; and (7) generally fell below the standard of objectively reasonable conduct.

(*Id.* at 4.) The proposed order includes the following two findings:

> 1. Petitioner's claim of ineffective assistance of counsel implicitly waives the attorney-client privilege with respect to communications with petitioner's Former Counsel necessary to prove or disprove petitioner's allegations, as detailed above. Accordingly, Jonathan Petty, Esq., and Stephen Turano, Esq., may submit to an interview by counsel for the Government for the purpose of providing all reasonably necessary information concerning petitioner's claims of ineffective assistance of counsel and may provide any documents that will aid in this discussion.
>
> 2. The Government's interviews of Jonathan Petty, Esq., and Stephen Turano, Esq., are reasonably necessary to facilitate its response to, as well as this Court's consideration of, petitioner's pending motion pursuant to 28 U.S.C. § 2255.

(*Id.* at 5.)

On May 19, 2025, the Court entered a text order stating that, if Petitioner does not file an opposition by June 18, 2025, the Motion for Permission to Interview shall be deemed unopposed. (ECF No. 3.)

On May 20, 2025, the Clerk of the Court docketed Petitioner's opposition to Respondent's Motion for Permission to Interview. (ECF No. 4.) Petitioner does not object to a limited disclosure

2

order; nevertheless, he asserts that Respondent includes no statement limiting disclosure to communications "which directly bear on the [ineffectiveness] issues raised within the § 2255 claims." (ECF No. 4 at 1.) According to Petitioner, further specificity regarding the subject matter of the communications is necessary to prevent Respondent from conducting a fishing expedition and using communications to rebut "<u>non</u>-ineffective assistance of counsel claims" as well as "to gain insight" into strategies, facts, and legal positions concerning such (non-ineffectiveness) claims. (*Id.*) Petitioner contends that such conduct might inadvertently "compromise" allegations in other claims, specifically prosecutorial misconduct allegations, that were discussed with his former attorneys. (*Id.*)

Accordingly, Petitioner suggests that the first finding in the proposed order be stricken and replaced with the following paragraph.

> 1. Jonathan Petty, Esq., and Stephen Turano, Esq., may submit to an interview by counsel for the Government for the purpose of providing all reasonably necessary information concerning petitioner's claims of ineffective assistance of counsel and may provide any documents that will aid in this discussion – **to include communications between attorney and client which directly bear on the issue of attorney ineffectiveness or effectiveness;**

(*Id.* at 1-2.) Petitioner also indicates that his prosecutorial misconduct claims "give cause for concern, regarding particular questionable conduct," and he accordingly requests that the Court, the Clerk of the Court, or the Court's appointee, "filter" the communications "to ensure that such communications bear <u>directly</u> on counsel's effectiveness with redactions added where the communications are unrelated to counsel's effectiveness." (*Id.* at 2.)

"The Third Circuit has held that a party implicitly waives their attorney-client privilege when they place the legal representation they received directly in issue." *Stewart v. United States*, No. 24-8215, 2025 WL 278421, at *1 (D.N.J. Jan. 14, 2025) (citations omitted). A habeas

3

petitioner claiming ineffective assistance of counsel "puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications." *Id.* (quoting *Ragbir v. United States*, No. 17-1256, No. 17-1256, 2018 WL 1871460, at *2 (D.N.J. Apr. 19, 2018)). However, the waiver is limited to attorney-client communications "necessary to prove or disprove" the petitioner's ineffectiveness claims. *Id.* (quoting *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009)); *see also Edwards v. United States*, No. 24-7929, 2024 WL 4953500, at *1 (D.N.J. Dec. 3, 2024) ("I find that petitioner's claims of ineffective assistance of counsel impliedly waives attorney-client privilege with respect to communications necessary to prove or disprove petitioner's allegations." (quoting *Cvjeticanin v. United States*, No. 19-549, 2021 WL 2261589, at *1 (D.N.J. June 3, 2021))).

Petitioner does not dispute he has partially waived his privilege; instead, he contests the scope of the waiver and the disclosures permitted under this waiver. To the extent that Petitioner indicates that Respondent seeks a "blanket disclosure of attorney-client communications," he is incorrect. (ECF No. 4 at 1.) In fact, the Respondent's proposed order lists the ineffective assistance of counsel claims raised in the Motion to Vacate and states that Petitioner implicitly waives the attorney-client privilege with respect to communications with Former Counsel "*necessary to prove or disprove petitioner's allegations, as detailed above.*" (ECF No. 2 at 4-5 (emphasis added).)

"Because Petitioner has placed defense counsel's representation of him at issue by raising claims of ineffective assistance of counsel, this Court finds that Petitioner has waived his attorney-client privilege as to any communications with counsel 'necessary to prove or disprove his claim[s].'" *Stewart*, 2025 WL 278421, at *1 (alteration in original) (quoting *Pinson*, 584 F.3d at 978). However, any disclosure of information shall be limited to information necessary to prove

or disprove the enumerated claims of ineffective assistance of counsel. Furthermore, "because 'a witness may of his own free will refuse to be interviewed by either the [Government] or [Petitioner],' this Court will not compel Petitioner's prior counsel to speak with the Government." *Noble v. United States*, No. 24-2324, 2024 WL 3652915, at *1 n.1 (D.N.J. Aug. 2, 2024) (alteration in original) (quoting *United States v. Bryan*, 655 F.3d 232, 239 (3d Cir. 2011)) (further noting that counsel should consider in deciding whether to accept the interview request the probability that, should an evidentiary hearing be necessary in this matter, he would be required to attend).

Asserting that his underlying claims for prosecutorial misconduct "give cause for concern" regarding "questionable conduct," Petitioner indicates that the Court (or its designee) should undertake an *in camera* review of the communications and redactions. (ECF No. 4 at 2.) The Court refrains from ordering an *in camera* review. Petitioner does not explain why the prosecutorial misconduct claims require the Court to conduct a blanket *in camera* review. In any event, disclosure is already "narrowly limited to those documents [and other information] . . . that are [necessary to prove or disprove the specified ineffectiveness claims]." *Muhammad v. United States*, No. 15-6845, 2016 WL 1243617, at *2 (D.N.J. Mar. 28, 2016) (declining to order judicial pre-screening of documents). The Court shall also specifically direct Former Counsel to withhold or redact privileged materials not subject to Petitioner's limited waiver. *See id.* ("[Counsel] shall redact from such document any portion that is not within the scope of production permitted by this Order."). In addition, as the Court has noted, any disclosure of information is voluntary, and any genuine disputes as to particular information and whether it falls within the scope of the waiver or remains privileged may be submitted to the Court for review. *See Lacerda v. United States*, No. 22-26, 2022 WL 2168244, at *3 (D.N.J. June 16, 2022) ("Moreover, any disclosure of information

5

is voluntary at this point and not required by Court order. Of course, the parties may raise genuine disputes over relevancy or privilege that may arise to the Court for review.")

IT IS, therefore, on this ___4th___ day of August, 2025, **ORDERED** as follows:

1. The Respondent's Motion for Permission to Interview (ECF No. 2) is **GRANTED**.

2. The Court finds that Petitioner's claims of ineffective assistance of counsel implicitly waive the attorney-client privilege only with respect to communications with Petitioner's Former Counsel necessary to prove or disprove Petitioner's claims of ineffective assistance of counsel, specifically that Former Counsel:

> (a) failed to file a "Cumulative Error Claim" related, in part, to the removal of "Petitioner's Counsel of Choice";
>
> (b) failed to object to the "Systematic Exclusion of All Members of Petitioner's" race from the jury;
>
> (c) failed to raise a *Batson* claim;
>
> (d) failed to consult with Lingala regarding concessions made to the jury about the witness tampering counts during summation;
>
> (e) failed to move for a dismissal related to the speedy trial clock;
>
> (f) failed to challenge the admission of certain evidence; and
>
> (g) generally fell below the standard of objectively reasonable conduct.

3. Respondent may pursue voluntary disclosure of information from Petitioner's Former Counsel; however, any disclosure of information shall be limited to information necessary to prove or disprove the claims of ineffective assistance of counsel listed in Paragraph 2, *supra*. In the alternative, Respondent may use the procedures for obtaining such information provided by the Federal Rules of Civil Procedure.

4. Respondent may pursue voluntary disclosure of documents from Petitioner's Former Counsel; however, any disclosure shall be limited to the portions of the documents necessary to prove or disprove the claims of ineffective assistance of counsel listed in Paragraph 2, *supra*. In the alternative, Respondent may use the procedures for obtaining such disclosures provided by the Federal Rules of Civil Procedure.

5. Former Counsel shall withhold or redact privileged material not subject to the waiver as described above.

6. Genuine disputes as to particular information and whether it falls within the scope of the privilege waiver or remains privileged may be submitted to the Court for review.

7. Respondent may not use otherwise-privileged materials disclosed pursuant to Petitioner's privilege waiver in any potential retrial, resentencing, or other proceeding connected to the charges originally asserted against Petitioner.

8. Respondent shall file a full and complete answer to the Motion to Vacate (ECF No. 1) within sixty (60) days of the date of entry of this Memorandum and Order.

9. Respondent shall raise by way of its answer any appropriate defenses that it wishes to have the Court consider, including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority.

10. The answer shall be accompanied by certified copies of all notices, opinions, documents, transcripts or recordings of any proceedings, including all documentation that may be material to the questions raised in the Motion to Vacate; however, in lieu of providing certified copies, Respondent may cite to the criminal docket by referencing the ECF docket entry number and the page.

11. Within forty-five (45) days of receipt of the answer, Petitioner may file a reply to the answer.

12. Within seven (7) days of Petitioner's release, Respondent shall electronically file a written notice of the same with the Clerk of the Court.

13. The Clerk of the Court is directed to **TERMINATE** the Motion pending at ECF No. 2.

14. The Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

GEORGETTE CASTNER
United States District Judge